### In the Matter of Larry G. WHITNEY.

### No. 49S00–9901–DI–47.

Supreme Court of Indiana.

March 20, 2002.

## ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action*, we find that the respondent engaged in attorney misconduct.

**Facts:** After being suspended on April 19, 1993 for failing to comply with Continuing Legal Education requirements, the respondent practiced law prior to his reinstatement on December 29, 1995. Further, after the respondent settled a personal injury and property damage claim on behalf of a client, he kept a fee of $45,400 even though he was entitled to a fee of only $41,600 pursuant to a fee agreement with the client. He also failed promptly to pay, from the settlement proceeds, an expert witness and an insurer holding a subrogation lien. After he deposited the settlement proceeds into his attorney trust account, the account's balance fell below an amount necessary to satisfy all client and third-party obligations. Although we find today that the respondent's trust account management was not adequate, we agree with the hearing officer that the respondent did not convert funds he held in trust because he did not knowingly exert unauthorized control over his client's or a third party's funds.

**Violations:** The respondent violated Ind.Professional Conduct Rule 1.5(c), which requires that, upon conclusion of a contingent fee matter, a lawyer provide to the client a written statement stating the outcome of the matter, the remittance to the client, and the method of its determination. He violated Prof.Cond.R. 1.15(b), which provides that upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person, promptly deliver to them any funds or other property they are entitled to receive, and render to them a full accounting. He violated Prof.Cond.R. 5.5(a) by practicing law while suspended.

For this misconduct, we find that the respondent should be suspended from the practice of law for a period of ninety (90) days, beginning April 27, 2002. At the conclusion of that period, he shall be automatically reinstated to the practice of law in this state. Costs of this proceeding are assessed against the respondent. The Clerk is directed to forward notice of this Order to the parties, to all entities listed in Admis.Disc.R. 23(3)(d), governing suspen-

sion, and to the Hon. Judith Hawley Conley.

SHEPARD, C.J., and DICKSON, SULLIVAN, and BOEHM, JJ., concur.

RUCKER, J., dissents and would accept the hearing officer's recommended 30 day suspension as a sanction.